(Reap. Dec. 10920)

UNITED CUTLERY & HARDWARE PRODUCTS CO. *v.* UNITED STATES

Entry Nos. 930715 ; 813221.

(Decided March 22, 1965)

*James G. McGoldrick* (*James G. McGoldrick* and *Jerome M. Lynes* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Daniel I. Auster* and *Morris Braverman*, trial attorneys), for the defendant.

LAWRENCE, Judge: Due to the manner in which the instant cases were presented to the court, appeals for reappraisement R58/25667 and R58/25672 were consolidated for the purpose of trial and determination.

As to R58/25667, although the appeal for a reappraisement appears to apply to "all merchandise," which, according to the commercial invoice, consists of the following:

| Quantity | | Description | FOB Yokohama per dozen | | | |
|----------|------|-------------|-----------|---|---|---|
| 60 dozen | 9″ | Pinking shears * * * | US$9.10 | * | * | * |
| 60 dozen | 7″ | Pinking shears * * * | 3.90 | * | * | * |
| 60 dozen | 9″ | Pinking shears; all chrome-plated; drop forged steel; same as sample Rugby shear submitted. | 15.028 | * | * | * |

it is, in fact, directed only to the last of the above-enumerated items which was appraised at United States $15.60 per dozen, net, packed. The other two items covered by the importation were appraised at the invoice unit values, net, packed. Shipment of the shears originated with Uchiyama Trading Co., Ltd., Tokyo, Japan, and was made pursuant to plaintiff's order 3744 of February 15, 1957.

Appeal for a reappraisement R58/25672 is limited to the value of certain pinking shears, described on the commercial invoice attached to the entry as follows:

| | | Pinking shears | C. I. F. NEW YORK Per Pc. | | | |
|------|-----|----------------|------|---|---|---|
| 1500 | pc 7″ | pinking shears—bent cast iron | US $0.343 | * | * | * |
| 1500 | pc 9″ | pinking shears | US $0.833 | * | * | * |

which were appraised at United States $0.45 each, net, packed, for the 7-inch and at United States $1.15 each, net, packed, for the 9-inch pinking shears. Said commercial invoice indicates that the manufacturer of the merchandise was the Nippon Production Co., Ltd., Tokyo, Japan. The "Declaration of Seller * * *" on the consular invoice discloses that Yu Hwa Trading Co., Ltd., of Yokohama, Japan, was the seller.

There is agreement between the parties hereto that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 or in section 402a(d) of said act, as amended by the Customs Simplification Act of 1956 (19 U.S.C. § 1402(d)), is the proper basis of appraisement for both importations, the only point in issue being the quantum of that value. As to reappraisement R58/25667, plaintiff contends that the proper value of the 9-inch drop-forged pinking shear is $15.028 per dozen. As to R58/25672, it is the plaintiff's contention that the invoice price of United States $0.343 each for the 7-inch pinking shear and United States $0.833 each for the 9-inch pink-

ing shear, or, in the alternative, that United States $0.325 each and $0.751 each, respectively, represent the proper export values.

Inasmuch as the plaintiff has challenged only one item entering into the appraisement of the instant merchandise, namely, the amount of the export value, all other items stand presumptively correct. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371, and *United States* v. *Schroeder & Tremayne, Inc., James H. Rhodes & Co.*, 41 CCPA 243, C.A.D. 558.

As was stated by our appellate court in the case of *Kobe Import Co.* v. *United States*, 42 CCPA 194, C.A.D. 593:

> * * * The burden upon a party attacking an appraised value is two-fold, i.e., to prove the action of the appraiser erroneous, and to establish some other dutiable value as the proper one. * * *

Although the evidence on the two appeals before the court was presented separately rather than jointly, Morris Barbanell, the sole owner of the plaintiff company, was the only witness to testify for plaintiff in both cases. In addition to his testimony, the following exhibits were received in evidence:

As to reappraisement R58/25667, exhibits 1 through 6 and exhibit 10 on behalf of plaintiff, and exhibit A for the defendant.

Exhibits 1 and 2 are samples representing the 7-inch and 9-inch pinking shears, imported by plaintiff from the Uchiyama Trading Co., Ltd., of Japan.

Exhibit 3 consists of page 12 of a catalog of the United Cutlery Co.

Exhibit 4 is a confirmation of an order placed by plaintiff with Uchiyama Trading Co., Ltd., Tokyo, Japan, covering the shipment in reappraisement R58/25667.

Exhibit 5 is a 9-inch pinking shear representing shears purchased by Barbanell from the Yu Hwa Trading Co., Ltd., of Tokyo, Japan, and was introduced to illustrate merchandise offered to him by another manufacturer.

Collective exhibit 6 consists of certain papers in reappraisement R58/25672 which were received in evidence for the purpose of showing the price of the 7-inch shears Barbanell purchased from the Yu Hwa Trading Co., Ltd.

Exhibit 10 is an affidavit of S. Uchiyama, president of Uchiyama Trading Co., Ltd., of Tokyo, Japan, which will be referred to, *infra*.

Collective Exhibit A is the entry papers in the case at bar.

As to reappraisement R58/25672, exhibits 7, 8, and 9 were received on behalf of plaintiff.

Exhibit 7 is an agreement between the Yu Hwa Trading Co., Ltd., and Barbanell which was understood by the latter as conferring on him exclusive sales representation for the Yu Hwa Trading Co., Ltd., for the sale of pinking shears in the United States. At the time of

signing said contract, he believed the Yu Hwa Trading Co., Ltd., was a manufacturer of shears and could confer on him such exclusive agency. However, he learned subsequently that the Yu Hwa Trading Co., Ltd., was not a manufacturer and Barbanell discovered that identical shears were offered for sale in the United States.

Exhibits 8 and 9 are communications from the United States Department of Commerce, which were received in evidence only to show that Yu Hwa Trading Co., Ltd., was not a manufacturer and had no authority to confer exclusive representation.

Upon motion of counsel for plaintiff, the record in reappraisement appeal R58/25667 was incorporated with and made a part of the record in reappraisement appeal R58/25672.

Apart from identifying the various exhibits which were received in evidence, the testimony of plaintiff's witness Barbanell, insofar as it relates to reappraisement appeal R58/25667, was to the effect that plaintiff's exhibits 2 and 5, both 9-inch pinking shears, have the same features, but that exhibit 5 is inferior as to the milling of the teeth, finishing, and cutting.

With reference to exhibit 4, plaintiff's witness stated that it is a confirmation of the order covered by R58/25667, "with exception that the 15.60 represents a discount which he deducted" and "If you take up the 2 percent discount it brings it down to 15.28, net." It is a simple mathematical computation to determine that a price of $15.60 per dozen, less 2 per centum, would result in an amount of $15.288 per dozen. However, plaintiff is contending for a value of $15.028 per dozen for the 9-inch chrome-plated, drop-forged steel pinking shears. It would appear, therefore, this evidence on behalf of plaintiff fails to support its claim. It is noted, moreover, that the 2 per centum discount referred to as applicable to the shears in controversy is reflected by plaintiff's exhibit 4 as being likewise applicable to the remainder of the importation. However, the price of $9.10 per dozen for the 9-inch shears and $3.90 per dozen for the 7-inch shears have not been claimed to be affected by said 2 per centum discount.

Although plaintiff's exhibit 10 contains a statement that the Uchiyama Trading Co., Ltd., was willing to sell and did offer and sell the 9-inch chrome-plated, drop-forged steel pinking shears to all purchasers at the time of the instant importation at a price of United States $15.028 per dozen, f.o.b. port Japan, the Uchiyama confirmation of sale of the instant importation (exhibit 4) reflects a price for said shears at $15.60 per dozen.

Furthermore, the statements in said exhibit 10 as to sales of such merchandise not only to the plaintiff herein but "to other American companies * * * at the same prices" is wholly unsupported by evidence of such sales and fall far short of being substantial evidence

from which the conclusion urged may be drawn. *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495.

As to reappraisement appeal R58/25672, the testimony of plaintiff's witness Barbanell was that the gross price for the 7-inch pinking shears there involved was 34.3 cents each and for the 9-inch pinking shears 83.3 cents each, and that those were the prices at which his company purchased said articles from the Yu Hwa Trading Co., Ltd. He stated that he purchased said merchandise on a c.i.f. New York basis, which is reflected by the commercial invoice.

A witness' statement on behalf of plaintiff of the prices paid for merchandise in controversy different in amounts from the appraised values is not sufficient to overcome the presumption of correctness attaching to said appraised values. *United States* v. *Malhame & Co.*, 19 CCPA 164, T.D. 45276. The evidence presented as to reappraisement appeal R58/25672 fails to support either the primary or alternative claimed values.

A careful consideration of the records in both appeals for a reappraisement leads the court to the conclusion that the plaintiff herein has failed not only in proving the action of the appraiser to be erroneous but also in failing to establish a different quantum of value to be the proper export value for the instant importations of pinking shears.

Accordingly, I find as facts:

1. That the merchandise covered by the above-enumerated appeals for a reappraisement consists of 9-inch and 7-inch pinking shears, imported from Japan.

2. That said merchandise was appraised on the basis of export value, as that value is defined in section 402(d) of the Tariff Act of 1930, or as amended, *supra*.

3. That, at the time of exportation of said merchandise to the United States, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade for exporation to the United States.

I conclude as matters of law:

1. That the plaintiff has failed to overcome the presumption of correctness attaching to the values found by the appraiser.

2. That export value, as that value is defined in section 402(d) of the Tariff Act of 1930 or in section 402a(d) of said act, as amended by the Customs Simplification Act of 1956, is the proper basis for appraisement of the merchandise covered by the instant appeals for a reappaisement.

3. That said export value is represented by the appraised values in each case.

Judgment will be entered accordingly.